Nos. 24-5280, 24-5285, 24-5461

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STATE OF ALASKA,
*Plaintiff-Appellant/Cross-Appellee,*

v.

BRYAN NEWLAND, et al.,
*Defendants-Appellees/Cross-Appellants,*

and

CENTRAL COUNCIL OF TLINGIT & HAIDA INDIAN TRIBES OF ALASKA,
*Intervenor-Defendant-Appellee/Cross-Appellant.*

On appeal from the U.S. District Court
for the District of Alaska, Anchorage
Case No. 3:23-CV-00007-SLG
Hon. Sharon L. Gleason

# CENTRAL COUNCIL OF TLINGIT & HAIDA INDIAN TRIBES REPLY IN SUPPORT OF THE TRIBE'S MOTION TO DISMISS

Whitney A. Leonard
Lloyd B. Miller
Richard D. Monkman
Sonosky, Chambers, Sachse
 Miller & Monkman, LLP
510 L Street, Suite 310
Anchorage, Alaska 99501
(907) 258-6377

Emily J. Soli
Sonosky, Chambers, Sachse
 Mielke & Brownell, LLP
500 Marquette Ave., NW, Suite 660
Albuquerque, NM 87102
(505) 247-0147

*Attorneys for Central Council of the
 Tlingit & Haida Indian Tribes of Alaska*

**TABLE OF CONTENTS**

I. INTRODUCTION...................................................................................1

II. BACKGROUND ...................................................................................2

III. ARGUMENT .......................................................................................3

    A. If the remand order is not final as to the State, the Tribe agrees that it is not final as to the Tribe.................................................................5

    B. Tribal sovereign immunity is irrelevant to the *Alsea* finality analysis. ........5

    C. The State seeks an impermissible advisory opinion. ...................................9

IV. CONCLUSION...................................................................................10

## I. INTRODUCTION

Intervenor-Defendant-Appellee Central Council of the Tlingit and Haida Indian Tribes of Alaska ("the Tribe") moved to dismiss the State of Alaska's appeal of the district court's remand order for lack of finality. Dkt. 30.1; *see Alsea Valley Alliance v. Dep't of Commerce*, 358 F.3d 1181, 1184 (9th Cir. 2004) ("Subject to a few exceptions . . . appellate jurisdiction only extends over 'final decisions of the district courts,' 28 U.S.C. § 1291, and remand orders generally are not 'final decisions' for purposes of section 1291" (quoting *Chugach Alaska Corp. v. Lujan*, 915 F.2d 454, 457 (9th Cir. 1990))) ("*Alsea*").

This Court "will not exercise [its] jurisdiction over a remand order unless a holding of nonappealability would effectively deprive the litigants of *an opportunity* to obtain review" following the remand. *Alsea*, 358 F.3d at 1184-85 (emphasis added) (citations omitted)). Only when "review would, as a practical matter, *be foreclosed* if an immediate appeal were unavailable" is finality present under the third *Alsea* factor. *Id.* at 1184 (emphasis added).

Here, the State will have a full opportunity to obtain review after remand. The State in effect asks this Court for an advisory opinion—"advisory" because on remand the Department may reach a different decision, reaffirm the previous decision, or choose to issue no decision at all—requiring the Court to engage in precisely the kind of piecemeal litigation and speculative analysis the final judgment

1

rule prohibits. *Id.* at 1185; *see also United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982) ("[T]he policy of Congress embodied in [the final judgment rule] is inimical to piecemeal appellate review of trial court decisions."). The State's appeal should be dismissed.

## II. BACKGROUND

On November 17, 2022, the Department of the Interior granted the Tribe's request to acquire into trust a small parcel of the Tribe's land in Juneau, Alaska. 2-ER-115–32. The State sought judicial review pursuant to the Administrative Procedure Act. 2-ER-113. The District Court remanded the matter back to the Department to reconsider two issues. 1-ER-40–41. Despite obtaining the remand it requested, the State appealed one aspect of the District Court's ruling with which it disagreed: that the Department generally has authority to take Indian land into trust in Alaska. Dkt. 20.1.[1]

---

[1] The Department and the State do not accurately describe all the facts. The Department states that it did not take Alaska land into trust following its 2014 recission of a land-into-trust regulation that excluded Alaska tribes. Dkt. 39.1, at 2. But in 2017 the Department took a parcel into trust for the Craig Tribal Association. Land Acquisitions; Craig Tribal Association, Craig, Alaska, 82 Fed. Reg. 4915 (Jan. 17, 2017). For its part, the State incorrectly asserts the only Indian land with trust status in Alaska is the Annette Islands Reserve of the Metlakatla Indian Community, Dkt. 40.1 at 5-8, ignoring that in addition to the Craig parcel, the United States holds parcels in trust for at least three other Alaska Tribes. 3-ER-440 (Kake, Angoon, Klawock).

2

The Department and the Tribe each filed notices of cross-appeal. The Tribe moved to dismiss the State's appeal, Dkt. 30.1, and the Department voluntarily dismissed its cross-appeal. Dkt. 39.1. If the motion at bar is granted the Tribe will withdraw its cross-appeal (*see infra* at 5).

### III. ARGUMENT

This Court has "jurisdiction only over appeals from final orders; in general, remand orders are not considered final." *Chugach*, 915 F.2d at 457. Given the many contingencies that may play out in an agency on remand—including that an appellant may achieve its desired outcome on any number of grounds—judicial review of a remand order "could prove entirely unnecessary" and should for this reason be denied under most circumstances.[2] *Alsea*, 358 F.3d at 1185; *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1076 (9th Cir. 2010).

There is a narrow exception: a remand order is treated as a final, appealable judgment *only if*:

> (1) the district court conclusively resolves a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, *and* (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable.

---

[2] Relevant here, the Department has been directed to "review all . . . guidance regarding the taking of Alaska Native lands into trust . . . to determine if any such agency action should be revoked." Exec. Order No. 14153, § 3(xvi), 90 Fed. Reg. 8347, 8349 (Jan. 20, 2025). The Department suspended the 2022 Solicitor's Opinion on which the Assistant Secretary here relied when granting the Tribe's fee-to-trust application. Dkt. 39.1 at 5. The outcome of the Department's review is unknown.

3

*Alsea*, 358 F.3d at 1184 (emphasis added). Except in unique circumstances inapplicable to the case at hand, this Court has uniformly applied *Alsea*'s exception *only* when the agency has also appealed. *Id.*; *see also Crow Indian Tribe v. United States*, 965 F.3d 662, 675 (9th Cir. 2020); S*kagit Cnty. Pub. Hosp. Dist. No. 2 v. Shalala*, 80 F.3d 379, 383–84 (9th Cir. 1996); *Pauly v. U.S. Dep't of Agric.*, 348 F.3d 1143, 1148 (9th Cir. 2003).[3]

The Department voluntarily dismissed its appeal. Dkts. 39.1, 43.1. The State therefore cannot argue that the Department's appeal provides a basis for its appeal continuing further. Instead, the State argues that it is *possible* the State may be deprived of judicial review following remand. But *Alsea* requires the Court to consider only whether *an opportunity* for review would be available *as a practical matter*, not whether review is guaranteed under all possible scenarios a creative litigant might conjure up. *Alsea*, 358 F.3d at 1184.

Indeed, "[b]efore the proceedings even reach the appeal stage, it is possible that the action taken by the [Department] on remand will provide the [State] with all the relief it seeks." *Id*. at 1185. The State's arguments are speculative, disconnected

---

[3] Agencies have greater latitude to appeal remand orders because they cannot appeal their own post-remand decisions. Unlike non-agency parties, agencies "face the unique prospect of being deprived of review altogether" on adverse legal rulings. *Alsea*, 358 F.3d at 1184.

from the issues before this Court, and amount to an impermissible request for an advisory opinion.

### A. If the remand order is not final as to the State, the Tribe agrees that it is not final as to the Tribe.

The Tribe agrees that this Court's determination on the finality issue is equally applicable to each of the non-agency litigants. *Cf. Kaweah Delta Health Care Dist. v. Becerra*, 123 F.4th 939, 948 (9th Cir. 2024) (holding that where a remand order was final as to one appellant, it would be treated as final as to all cross-appellants). If the Court determines the decision below is not final as to the State, it is equally not final as to the Tribe. If the Tribe's motion is granted, the Tribe will dismiss its cross-appeal.

### B. Tribal sovereign immunity is irrelevant to the *Alsea* finality analysis.

The State's second argument is that "the State's ability for further judicial review is put at risk by this Court's precedent on Rule 19 and the Tribe's right to claim sovereign immunity." Dkt. 40.1 at 14. The State asserts that *if* on remand the Department issues a decision with which the State disagrees, *and if* the State seeks judicial review of that new decision, *and if* the Tribe (unlike here) then seeks dismissal based on sovereign immunity, *and if* the district court dismisses the State's

appeal, *then* (and only then) review of the Department's decision would be foreclosed. Dkt. 40.1 at 11-14.[4]

Certainly, sovereign immunity protects the United States, States, and Indian Tribes in many areas. *Krystal Energy Co. v. Navajo Nation*, 357 F.3d 1055, 1056 (9th Cir. 2004). Even so, this Circuit has never held a tribal litigant's sovereign immunity automatically forecloses the opportunity for non-tribal parties to seek future judicial review under *Alsea*'s third factor. *Crow Indian Tribe*, 965 F.3d at 676-77 (neither discussing nor considering whether the appellee tribe's sovereign immunity rendered the remand order final as to the appellant states); *Pit River*, 615 F.3d at 1076-77 (determining that a remand order was non-final, despite all parties' consensus that the order should be subject to appeal, without considering the tribal litigant's sovereign immunity). Nor should this Court do so now.

Any Rule 19 analysis involving a sovereign entity—in particular a Tribal entity—is complex and "heavily influenced by the facts and circumstances of each case." *Confederated Tribes of Chehalis Indian Rsrv. v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991). In the tribal context, Rule 19(a) requires a court to determine whether the Tribe is a required party based on whether the Tribe's absence would: (1) prevent the court from according complete relief among the existing parties,

---

[4] The State's argument effectively concedes that *Alsea* dismissal is appropriate. Dkt. 40.1 at 11-14.

(2) impair or impede the Tribe's legally protected interests, or (3) leave the existing parties at a substantial risk of incurring multiple or inconsistent obligations because of the Tribe's interests. *Id.*; *see also Diné Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 851 (9th Cir. 2019).

Further, Rule 19(b)'s four-part inquiry determines whether the action should proceed in the Tribe's absence based on (1) the extent a judgment in the Tribe's absence might prejudice the Tribe or existing parties; (2) the extent to which that prejudice could be lessened or avoided; (3) whether a judgment in the Tribe's absence would be adequate; and (4) whether other litigants would have an adequate remedy if the action were dismissed. *Confederated Tribes*, 928 F.2d at 1499. This analysis requires a determination of whether Congress or the Tribe has waived the Tribe's sovereign immunity as to the underlying controversy.[5]

Thus, the facts and circumstances relevant to assessing a hypothetical future joinder and assertion of tribal sovereign immunity—should that ever occur—will be

---

[5] The State argues that in future cases, "the State's right to judicial review of lands-into-trust approvals may depend entirely on the Tribe's willingness to waive its sovereign immunity." Dkt. 40.1, at 14. While the State is correct that "[t]he balancing of equitable factors under Rule 19(b) almost always favors dismissal when a tribe cannot be joined due to tribal sovereign immunity," *Jamul Action Committee v. Simermeyer*, 974 F.3d 984, 989 (9th Cir. 2020), whether the Tribe will assert immunity in a future case is speculative. If it does, the assertion of immunity will be subject to review at that time. And, regardless of an assertion of immunity, the Rule 19(b) factors must be considered and balanced in each case. *E.g.*, *Comenout v. Whitener*, 2015 WL 917631 at *4 (W.D. Wash. 2015).

7

dependent on the record developed during the Department's proceedings on remand, the parties' participation in the remanded proceedings, and the resulting outcome. For this very reason, the final judgment rule soundly requires a court to defer review—which ultimately may not even be necessary—until *after* the Department's final decision on remand and *after* a district court has reviewed the decision. At that future point, all issues arising from "any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994).

The State's re-interpretation of *Alsea*'s third factor would have far-reaching impacts that run contrary to precedent on both the final judgment rule and tribal sovereign immunity. All Tribes (like all States) benefit from sovereign immunity, and the fact-intensive analysis required for joinder and sovereign immunity determinations cannot be properly completed prior to the agency's proceedings on remand. But the State's theory would treat remand orders as final whenever tribal litigants are parties to an appeal. This conflicts with Supreme Court rulings that have "repeatedly stressed that the 'narrow' exception [to the final judgment rule] should stay that way and never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Id*. (internal citation omitted). The State would perversely turn tribal sovereign immunity into a sword *against* tribal litigants rather than the shield it is meant to be. A plaintiff's interest in litigating its claims does not outweigh a Tribe's interest in maintaining its

sovereign immunity. *Pit River Home and Agr. Co-op Ass'n v. United States*, 30 F.3d 1088, 1102-03 (9th Cir. 1994); *Confederated Tribes*, 928 F.2d at 1500.

Finally, contrary to the State's contention, what matters under *Alsea* is not whether all conceivable eventualities will provide the State with a "guaranteed right" to a favorable jurisdictional decision in a future appeal, Dkt. 40.1 at 13, but whether the State would *as a practical matter* have an opportunity to seek judicial review following the Department's remand decision. *Alsea*, 358 F.3d at 1184. The State will have that opportunity here should the need arise.

Of course, the State may agree with the Department's ultimate decision on remand and decide not to seek review at all. *Pit River*, 615 F.3d at 1076 (holding that a remand order was neither final nor appealable where, on remand, an agency may ultimately favor appellant such that "any decision [now] by this court may prove entirely unnecessary"). This possibility underscores the impropriety of considering the State's appeal at this interlocutory stage.

### C. The State seeks an impermissible advisory opinion.

The Court's role "is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). By this means the courts avoid "premature adjudication" and "entangling themselves in

abstract disagreements." *Id.* Where an alleged injury is "too 'imaginary' or 'speculative'" there is no justiciable case or controversy. *Id.* at 1139.

The State asserts that without immediate appellate review, the "district court's decision on the Secretary's legal authority will stand, and Interior may use it as authority to take different parcels into trust and deprive the State of territorial jurisdiction knowing that the State's ability to seek judicial review of those decisions is in serious dispute." Dkt. 40.1 at 14. This argument is "'imaginary' or 'speculative.'" The State seeks to have the Court resolve "the next land-into-trust application Interior processes," citing trust applications that the State apparently has not seen, that have not yet been considered by the Department, that the State has not appealed, and that are not presently before this Court. Dkt. 40.1 at 13. That would indeed be "premature adjudication."

## IV. CONCLUSION

For the State to maintain its appeal, it must show that "review [of the issues presented] would, as a practical matter, be foreclosed if an immediate appeal were unavailable." *Alsea*, 358 F.3d at 1184. That is not the case here. The State "will have an opportunity to seek judicial review after remand" of the Department's decision. Dkt. 40.1 at 14. Whether the State will seek review; the basis for any request for review; and the possible outcomes of review are all entirely speculative. The State of Alaska's appeal should be dismissed.

Dated: July 18, 2025         Respectfully submitted,

/s/ Whitney A. Leonard
Whitney A. Leonard
Lloyd B. Miller
Richard D. Monkman
Sonosky, Chambers, Sachse
  Miller & Monkman, LLP
510 L Street, Suite 310
Anchorage, Alaska 99501
(907) 258-6377
whitney@sonosky.net
lloyd@sonosky.net
rdm@sonosky.net

Emily J. Soli
Sonosky, Chambers, Sachse
  Mielke & Brownell, LLP
500 Marquette Ave., NW, Suite 660
Albuquerque, NM 87102
(505) 247-0147
esoli@abqsonosky.com

*Attorneys for Central Council of the Tlingit & Haida Indian Tribes of Alaska*