**Nos. 24-5280, 24-5285**

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

STATE OF ALASKA,
*Plaintiff-Appellant*,

*v.*

WILLIAM KIRKLAND,* in his official capacity
as Assistant Secretary-Indian Affairs, U.S. Department of the Interior, and
U.S. DEPARTMENT OF THE INTERIOR,
*Defendants/Appellees*,

*and*

CENTRAL COUNCIL OF TLINGIT & HAIDA INDIAN TRIBES OF ALASKA,
*Intervenor-Defendant-Appellee/Cross-Appellant*.

On appeal from the U.S. District Court
for the District of Alaska, Anchorage
Case No. 3:23-CV-00007-SLG
Hon. Sharon L. Gleason

# TLINGIT & HAIDA INDIAN TRIBES' PETITION FOR PANEL REHEARING

Whitney A. Leonard
Lloyd B. Miller
Richard D. Monkman
Sonosky, Chambers, Sachse
Miller & Monkman, LLP
510 L Street, Suite 310
Anchorage, Alaska 99501
(907) 258-6377

Emily J. Soli
Sonosky, Chambers, Sachse
Mielke & Brownell, LLP
500 Marquette Ave., NW, Suite 660
Albuquerque, NM 87102
(505) 247-0147

**Substitution per Fed. R. App. P. 43(c)(2)*

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 40 and Circuit Rule 40-1, the Central Council of the Tlingit & Haida Indian Tribes of Alaska (Tlingit & Haida or Tribe) seeks panel rehearing of the Memorandum Disposition issued August 24, 2026, to request that the panel modify its remedy by vacating the district court's judgment, 1-ER-2.

The Tribe respectfully submits that the Memorandum overlooked material points of law relating to the appropriate remedy such that, without vacating the district court judgment, the district court may be unable to carry out this Court's mandate to reconsider certain legal issues. Specifically, by leaving in place the district court's vacatur-and-remand to the agency (while vacating the district court's merits ruling explaining that court's remand), and then instructing the district court to reconsider the merits, the Memorandum inadvertently creates a significant likelihood of duplicative proceedings and impairs the district court's jurisdiction to carry out this Court's mandate. Accordingly, the Tribe respectfully requests rehearing.

## ARGUMENT

The Memorandum "remand[s] to the district court to consider how the [Department of the Interior's] viewpoint change impacts the Administrative Procedure Act analysis, if at all." Mem. Disp., Dkt. No. 78.1 at 3. The Memorandum

"vacate[s] the district court's ruling, including the ruling on the Secretary's authority to take land in trust for Native Tribes in Alaska" but "leave[s] in place the district court's vacatur-and-remand order while it reconsiders the issues presented by the parties." *Id.* at 4.

As Tlingit & Haida understands the Memorandum, the Court vacated the district court's merits opinion, 1-ER-3–41, but left in place the judgment, 1-ER-2.[1] For the three reasons set forth in this petition, Tlingit & Haida respectfully requests the panel grant rehearing for the limited purpose of additionally vacating the district court's judgment.[2]

First, under the Administrative Procedure Act, a district court may "set aside an agency's actions '*only* if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Wild Wilderness v. Allen*, 871 F.3d 719, 725 (9th Cir. 2017) (emphasis added) (quoting *In re Big Thorne Project*, 857 F.3d 968,

[1] If the Tribe's understanding is incorrect, Tlingit & Haida alternatively requests that the panel grant rehearing to clarify the remedy it is directing.

[2] This is a common pattern of relief in the Ninth Circuit. *See, e.g.*, *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 925 F.3d 1041, 1053 (9th Cir. 2019) (reversing the district court's remedy order and remanding without reaching the merits); *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 964 (9th Cir. 2014) (vacating district court's remedy order and remanding for the district court to consider an intervening change in law); *Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1186 (9th Cir. 2011) (vacating the permanent injunction and remanding to the district court to reconsider a narrow issue).

973 (9th Cir. 2017)); *accord In re Clean Water Act Rulemaking*, 60 F.4th 583, 596 (9th Cir. 2023) ("[T]he district court lacked the authority to vacate the 2020 Rule without first holding it unlawful."); *see also* 5 U.S.C. § 706(2)(A). Here, the district court vacated the Assistant Secretary's decision based on its conclusion that the Assistant Secretary acted unlawfully in two ways when approving Tlingit & Haida's land-into-trust application. 1-ER-31–40. Tlingit & Haida maintains these rulings are flawed for the reasons it has previously set out. Opening Br., Dkt. No. 57.1 at 45–49; Reply Br., Dkt. No. 72.1 at 11–27.[3] However, they form the sole and necessary basis for the district court's vacatur-and-remand judgment. 1-ER-39. Now that this Court has vacated the district court's opinion holding the agency's action unlawful in these respects, there is no legal basis under the APA for the district court's judgment vacating the Assistant Secretary's decision. The judgment must therefore be vacated for this reason alone.

Second, for the district court to consider the effect of the Department's change in position (as this Court has now directed), the district court must retain jurisdiction over the case. When the action began, jurisdiction was present because the APA authorizes judicial review of any "final agency action." 5 U.S.C. § 704; *Oregon Nat.*

[3] Tlingit & Haida maintains that the district court correctly interpreted the law with respect to the Secretary's authority to take land into trust in Alaska but erred with respect to its interpretation of 25 U.S.C. § 5129 and 25 C.F.R. Part 151.

*Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006).[4] But if the vacatur-and-remand judgment remains in place, then the 2022 final agency decision at issue here has been vacated, and there is no longer any "final agency action" for the district court to review. *See Ctr. for Food Safety v. Regan*, 56 F.4th 648, 660 (9th Cir. 2022) ("When a court orders vacatur, it sets aside or invalidates an agency decision or order."). With no agency action, there is no live cause of action in the case, so it is unclear on what grounds the district court could exercise continuing jurisdiction to "reconsider" the merits as directed by this Court. *See California Ass'n of Rural Health Clinics v. Douglas*, 738 F.3d 1007, 1017 (9th Cir. 2013) ("If an action or a claim loses its character as a live controversy, then the action or claim becomes 'moot,' and we lack jurisdiction to resolve the underlying dispute." (quoting *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 797–98 (9th Cir. 1999))). For this reason, too, the judgment must be vacated to clear the way for the district court to act on remand.

Third and finally, if the judgment is left in place, the agency remand proceeding will move forward in parallel with any remanded district court proceedings that might be possible, resulting in confusing proceedings and potentially conflicting decisions. Typically, a remand to the agency is governed by

[4] The State of Alaska's complaint alleged a single cause of action under the APA. 2-ER-113.

the rule of mandate, under which "an administrative agency may not deviate from a supervising court's remand order, and the reviewing court may review the agency's decision on remand 'to assure that its prior mandate is effectuated.'" *Olivas-Motta v. Whitaker*, 910 F.3d 1271, 1280 (9th Cir. 2018) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989)). The agency's "[f]ailure to apply the court's directive about *what the law is* . . . would be 'legal error.'" *Alaska v. Nat'l Marine Fisheries Serv.*, 171 F.4th 1145, 1155 n.2 (9th Cir. 2026) (emphasis added) (quoting *Sullivan*, 490 U.S. at 886). The rule is "limited to those issues that were before the court and 'disposed of by its decree.'" *California Pub. Utilities Comm'n v. FERC*, 29 F.4th 454, 462 (9th Cir. 2022) (quoting *Olivas-Motta*, 910 F.3d at 1280).

But here, with the district court's opinion now vacated, there is no longer any district court opinion laying out the parameters of the agency's proceedings on remand—no district court interpretation of the statutes and regulations at issue, nothing telling the agency how to comply with the law, and nothing telling the agency what was affirmed and what was reversed. If both the remand to the agency and the remand to the district court remain in place, it is therefore possible for the agency and the district court to reach entirely different decisions based on their separate interpretations of the law. Regardless of whether the district court or the Department issues a decision first, tandem remand orders are almost certain to lead to further litigation with a potentially convoluted procedural posture.

Given that it is a court's role to interpret statutes and arrive at the "best reading" of the law, *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024), the Department should not be allowed to proceed on remand without a specific direction from the district court on what it is to do. For this third reason, as well, the judgment should be vacated.

## CONCLUSION

In light of the Court's decision to vacate the district court's merits opinion, judicial economy and the parties' resources would best be served by also vacating the Judgment. This relief would provide the district court with jurisdiction to address on remand the issues noted in the Memorandum and would avoid the risk of conflicting and unnecessary litigation or agency process.

Tlingit & Haida respectfully requests that the panel grant rehearing for the limited purpose of amending its Memorandum to additionally vacate the district court's Judgment.

Dated: September 4, 2026

Respectfully submitted,

*/s/ Lloyd B. Miller*

Lloyd B. Miller
Whitney A. Leonard
Richard D. Monkman
Sonosky, Chambers, Sachse
Miller & Monkman, LLP
510 L Street, Suite 310
Anchorage, Alaska 99501
(907) 258-6377
lloyd@sonosky.net

whitney@sonosky.net
rdm@sonosky.net

Emily J. Soli
Sonosky, Chambers, Sachse
Mielke & Brownell, LLP
500 Marquette Ave., NW, Suite 660
Albuquerque, NM 87102
(505) 247-0147
esoli@abqsonosky.com

*Attorneys for Central Council of the Tlingit & Haida Indian Tribes of Alaska*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** 24-5280, 24-5285

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is *(select one)*:

◉ Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words:** 1,399 **.**
*(Petitions and responses must not exceed 4,200 words)*

**OR**

○ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** /s/ Lloyd B. Miller **Date** Sept. 4, 2026
*(use* "s/[typed name]" *to sign electronically-filed documents)*

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STATE OF ALASKA,

Plaintiff - Appellant,

v.

BRYAN NEWLAND, in his official capacity as Assistant Secretary, Indian Affairs, U.S. Department of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR,

Defendants - Appellees,

CENTRAL COUNCIL OF TLINGIT & HAIDA INDIAN TRIBES OF ALASKA,

Intervenor-Defendant - Appellee.

No. 24-5280

D.C. No.
3:23-cv-00007-SLG

MEMORANDUM*

STATE OF ALASKA,

Plaintiff - Appellee,

v.

BRYAN NEWLAND, in his official capacity as Assistant Secretary, Indian Affairs, U.S. Department of the Interior,

No. 24-5285

D.C. No.
3:23-cv-00007-SLG

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

UNITED STATES DEPARTMENT OF THE INTERIOR,

Defendants,

CENTRAL COUNCIL OF TLINGIT & HAIDA INDIAN TRIBES OF ALASKA,

Intervenor-Defendant - Appellant.

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Argued and Submitted August 12, 2026
Anchorage, Alaska

Before: CALLAHAN, BEA, and BUMATAY, Circuit Judges.

The State of Alaska appeals the district court's decision to vacate the Department of the Interior's decision to take a 787-square-foot parcel of land in Juneau, Alaska, into trust. The district court vacated the Department of the Interior's decision to accept the Juneau parcel into trust for the Central Council of Tlingit & Haida Indian Tribes of Alaska (the "Tribe"). In its decision, the district court concluded that the Department has the statutory authority to accept land into trust for Indian tribes in Alaska but that it relied on improper considerations. The district court then remanded to the Department for further proceedings.

The State appeals the district court's ruling about the Department's authority. The Tribe cross-appeals, asking us to reverse the district court's vacatur-and-remand

order. The Department asked us to dismiss the State's appeal for lack of appellate jurisdiction and explained that, given a change in the Department's view of its own authority, it would not defend its decision to accept the Juneau parcel into trust.

While we assume appellate jurisdiction, *see Maverick Gaming, LLC v. United States*, 123 F.4th 960, 972 (9th Cir. 2024), given the Department's change in position on appeal, we conclude appellate review is premature and remand without reaching the merits of the State's or Tribe's claims on appeal. When the Department accepted the Juneau parcel into trust, its official view was that the Secretary retained land-in-trust authority. Now, before this court, the Department no longer holds that view. *See* Solicitor's Opinion, William L. Doffermyre, M-37087 (Feb. 24, 2026), https://perma.cc/6QZ7-B9UN. Indeed, the Department is now operating under a Solicitor Opinion's recommendation not to accept *any* land-in-trust applications in Alaska.

Given the Department's change in position, we exercise "the discretion afforded to appellate courts when fashioning remand remedies," *see Blumberger v. Tilley*, 115 F.4th 1113, 1140 (9th Cir. 2024) (simplified), and remand to the district court to consider how the Department's viewpoint change impacts the Administrative Procedure Act analysis, if at all. *See* 28 U.S.C. § 2106 (explaining that "court[s] of appellate jurisdiction" have authority to "remand the cause" and "require such further proceedings to be had as may be just under the circumstances").

Based on the Department's decision not to defend the agency action at issue, we vacate the district court's ruling, including the ruling on the Secretary's authority to take land in trust for Native Tribes in Alaska. We leave in place the district court's vacatur-and-remand order while it reconsiders the issues presented by the parties. Neither the parties nor the district court should construe this order as taking a position on any issue.

**REMANDED.**